# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIGARD INSURANCE COMPANY, | 1:08-cv-0482 OWW DLB |
| Plaintiff, | SCHEDULING CONFERENCE ORDER |
| v. | Discovery Cut-Off: 7/15/09 |
| UNITED STATES OF AMERICA, | Non-Dispositive Motion Filing Deadline: 7/30/09 |
| Defendants. | Dispositive Motion Filing Deadline: 8/14/09 |
| UNITED STATES OF AMERICA, | Settlement Conference Date: 7/22/09 10:00 Ctrm. 9 |
| Third-Party Plaintiff, | Pre-Trial Conference Date: 10/26/09 11:00 Ctrm. 3 |
| v. | |
| PRODUCERS DAIRY FOODS, INC., AND JOHN RALPH STEER, | Trial Date: 12/8/09 9:00 Ctrm. 3 (CT-4 days) |
| Third-Party Defendants. | |

I.   Date of Scheduling Conference.

   September 11, 2008.

II.  Appearances Of Counsel.

   Morse, Bolinger & Associates by Marshall Moochigian, Esq., appeared on behalf of Plaintiff.

   Jason S. Ehrlinspiel, Esq., Assistant U.S. Attorney,

1

appeared on behalf of Defendant United States of America.

Emerson, Corey, Sorensen, Church & Yohman by James D. Emerson, Esq., appeared on behalf of Third-Party Defendants Producers Dairy Foods, Inc., and John Ralph Steer.

III. Summary of Pleadings.

1. Plaintiff, Unigard Insurance Company, brings this property damage subrogation suit to recover the $45,371.69 in damages they paid their insured, Producers Dairy. The complaint is based solely on negligence.

2. The United States denies all material allegations of the Complaint and has asserted affirmative defenses based on lack of proximate cause, limitation of damages, apportionment of damages, the accident was caused by the negligence of Plaintiff's insureds, failure to mitigate, limitation of claims to those set forth in administrative claim, no right to jury trial under FTCA, no liability for attorneys' fees under FTCA, no liability for prejudgment interest under FTCA, and improperly named parties under FTCA.

3. The United States has filed a third-party complaint against the Plaintiff's insureds, Producers Dairy Foods, Inc. ("Producers") and John Ralph Steer ("Steer") for apportionment of fault, contribution, indemnity and for recovery of property damage as a result of the negligence of Steer in causing the subject incident.

4. Third-Party Defendants Producers and Steer jointly answered the third-party complaint filed by the United States on August 25, 2008. The Third-Party Defendants admitted that Steer was in the course and scope of his employment at the time he was

2

driving the vehicle owned by Producers on June 21, 2007, and denied the substantive allegations.  The answer asserts the following affirmative defenses: that the third-party complaint does not state a cause of action; that the Third-Party Defendants did not owe a duty to the United States; that the sole and proximate cause of the incident was the act or omissions of other persons; that the damage to United States was caused by its employee's negligent conduct; that any recovery should be reduced on a pro rata basis upon comparative fault principles; that the United States failed to mitigate its damages; that the amount of damages is contested; and that the Third-Party Defendants reserved the right to amend the answer to assert additional defenses.

IV.   Orders Re Amendments To Pleadings.

    1.   The parties do not anticipate amending the pleadings at this time.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   On June 21, 2007, a collision occurred on Belmont Avenue in Fresno, California, involving a Producers vehicle driven by Steer and a U.S. Postal Service delivery vehicle driven by Stacey Bowen.

        2.   At the time of the collision, Steer was acting within the course and scope of his employment with Producers.

    B.   Contested Facts.

        1.   All other factual matters are contested.

///

**VI. Legal Issues.**

    **A. Uncontested.**

        1. Jurisdiction exists under 28 U.S.C. § 1331 and the Federal Tort Claims Act.

        2. Venue is proper under 28 U.S.C. § 1391.

    **B. Contested.**

        1. Whether the United States, or its employees were negligent in causing Plaintiff's purported damages.

        2. Whether the damages alleged by Plaintiff were proximately caused entirely or in part by the negligence of Plaintiff's insureds.

        3. Whether the damages alleged by Plaintiff were the proximate result of the actions or inaction of the United States or its employees.

        4. Whether Plaintiff mitigated its damages.

        5. Whether the United States is entitled to indemnity, contribution and an apportionment of fault based upon the negligence of Steer and Producer's Dairy.

        6. Whether any of the United States' remaining affirmative defenses raised in this matter apply.

        7. Whether Producers or its employees were negligent in causing the United States' purported damages.

        8. Whether the damages alleged by the United States were proximately caused entirely or in part by the negligence of Producers.

        9. Whether the damages alleged by the United States were the proximate result of the actions or inaction of Producers or its employees.

      10.   Whether the United States mitigated its damages.

      11.   Whether Producers is entitled to indemnity, contribution, and an apportionment of fault based upon the negligence of the United States.

      12.   Whether any of Producers' remaining affirmative defenses raised in this matter apply.

VII. Consent to Magistrate Judge Jurisdiction.

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.   The parties shall make their initial disclosures pursuant to the provisions of Rule 26(a) on or before October 21, 2008.

    2.   The parties are ordered to complete all non-expert discovery on or before April 1, 2009.

    3.   Plaintiff is directed to disclose all expert witnesses, in writing, on or before April 15, 2009.  Defendants are directed to disclose all expert witnesses, in writing, on or before May 15, 2009.  Any supplemental or rebuttal disclosures will be made on or before June 15, 2009.  The parties will comply with the

provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4.   The parties are ordered to complete all discovery, including experts, on or before July 15, 2009.

    5.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before July 30, 2009, and heard on September 4, 2009, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than August 14, 2009, and will be heard on September 21, 2009, at 10:00 a.m. before the Honorable Oliver W.

6

Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI. Pre-Trial Conference Date.

    1. October 26, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2. The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3. Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1. The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII. Trial Date.

    1. December 8, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2. In this case, under the FTCA, there is no right to trial by jury.

    3. Counsels' Estimate Of Trial Time:

        a. 4 days.

4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

1.   A Settlement Conference is scheduled for July 22, 2009, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement

1  Conference indicated prominently thereon.  Counsel are urged to
2  request the return of their statements if settlement is not
3  achieved and if such a request is not made the Court will dispose
4  of the statement.
5       5.   The Confidential Settlement Conference
6  Statement shall include the following:
7            a.   A brief statement of the facts of the
8  case.
9            b.   A brief statement of the claims and
10 defenses, i.e., statutory or other grounds upon which the claims
11 are founded; a forthright evaluation of the parties' likelihood
12 of prevailing on the claims and defenses; and a description of
13 the major issues in dispute.
14           c.   A summary of the proceedings to date.
15           d.   An estimate of the cost and time to be
16 expended for further discovery, pre-trial and trial.
17           e.   The relief sought.
18           f.   The parties' position on settlement,
19 including present demands and offers and a history of past
20 settlement discussions, offers and demands.
21 XV.  Request For Bifurcation, Appointment Of Special Master,
22 Or Other Techniques To Shorten Trial.
23      1.   Unless good cause is shown, the issue of liability
24 shall be tried before damages.
25 XVI. Related Matters Pending.
26      1.   There is a related matter in the Superior Court of
27 California, for the County of Fresno, Case Number 08CECG00103,
28 *Stacey Bowen v. Producers Dairy Foods, Inc.*

9

XVII.     Compliance With Federal Procedure.

    1.     The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.    Effect Of This Order.

    1.     The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.     Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.     Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   September 11, 2008              /s/ Oliver W. Wanger

UNITED STATES DISTRICT JUDGE